IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:12-cr-437 |
| v. ) | |
| ) | Hon. Gerald Bruce Lee |
| MARCOS SANCHEZ HERNANDEZ, ) | |
| ) | Sentencing Date: January 4, 2013 |
| Defendant. ) | |

**POSITION OF THE UNITED STATES**
**<u>WITH RESPECT TO SENTENCING</u>**

  The United States of America, by Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Marc J. Birnbaum, Special Assistant United States Attorney and Michael J. Frank, Assistant United States Attorney, in accord with 18 U.S.C. § 3553 and the United States Sentencing Commission, Guidelines Manual § 6A1.2, files this Position of the United States with Respect to Sentencing.

  Over a seven year period, the defendant conspired with others in a sex trafficking enterprise that reached throughout Virginia – including northern Virginia, Newport News, Virginia Beach and Norfolk – and into Maryland and Delaware. In 2010, the defendant took over leadership of the enterprise. As the leader, the defendant trained an employee on subjects including: where to drive the prostitutes; how to collect prostitution proceeds; how to avoid detection by law enforcement; and how to advertise. The defendant also provided prostitution proceeds to another member of the enterprise, knowing that this money would be sent to the enterprise's former leader in Mexico. In total, the defendant transported more than 100 prostitutes with the intent that they engage in commercial sex acts, and sold their bodies in ten to fifteen minute increments for a mere $30.

Based on the defendant's reprehensible conduct, including the duration of the enterprise, the number of prostitutes involved and the defendant's leadership role, the United States respectfully submits that the Court should impose a sentence of 48 months of imprisonment. Such a sentence appropriately addresses each of the factors set forth in 18 U.S.C. § 3553(a).

## ARGUMENT

### I. Applicable Sentencing Law

A sentencing court considers both the Sentencing Guidelines and other statutorily prescribed factors. *See* 18 U.S.C. § 3553(a); *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). To determine a sentence, "[a] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." *Hughes*, 401 F.3d at 546. "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *Id.* at 546. Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

Although the Sentencing Guidelines are advisory and are only one of the factors listed in § 3553(a), the Guidelines assist the court by "'provid[ing] certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities.'" *United States v. Booker*, 543 U.S. 200, 264 (2005) (quoting 28 U.S.C. § 991(b)(1)(B)); *see also* 18 U.S.C. § 3553(a)(6). Indeed, in the ordinary case, there will be a significant amount of overlap between the Guidelines range and the remaining § 3553(a) factors because the Guidelines "reflect a rough approximation that might achieve § 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338,

350 (2007). The Guidelines, for example, encompass the most salient aspects of "the nature and circumstances of the offense" (by establishing an Offense Level that incorporates aggravating or mitigating circumstances such as loss amounts, number of victims, and a defendant's role in the offense), as well as reflecting "the history and characteristics of the defendant" (most notably by establishing a Criminal History Category based on the defendant's prior criminal record). 18 U.S.C. § 3553(a)(1). The Guidelines further help to prevent "unwarranted sentencing disparities" by ensuring that defendants who have committed similar crimes and have similar criminal records will receive roughly similar sentences, regardless of the district and courtroom in which they are sentenced. 18 U.S.C. § 3553(a)(6); *see Gall v. United States*, 552 U.S. 38, 46 (2007) (noting that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Thus, although the Guidelines are not mandatory, they remain "the starting point and the initial benchmark" in ensuring fair and just sentencing both for defendants, individually, and across multiple cases, collectively. *Gall*, 552 U.S. at 49.

## II.     Sentencing Guidelines Calculation

The United States concurs in the Probation Office's Guidelines calculation. The base offense level for Conspiracy to Promote a Commercial Sex Act with an Individual Other Than a Minor is 14. U.S.S.G. § 2G1.1(a)(2). The offense level is increased by three levels to reflect the defendant's leadership role in the enterprise, *id.* § 3B1.1(b); and by another five levels because each of the offenses are treated separately, *id.* § 3D1.4. After a three-level reduction for acceptance of responsibility,[1] the defendant is subject to a total Offense Level of 19. The

---

[1] The United States moves this Court pursuant to U.S.S.G. § 3E1.1 to grant a three-level reduction in the defendant's offense level for acceptance of responsibility. The defendant assisted authorities in the investigation and prosecution of his own misconduct by timely

defendant's criminal history is Category I. Accordingly, the defendant faces a Guidelines range of 30 to 37 months' imprisonment. However, as also noted in the Presentence Report, an upward departure may be warranted when a trafficking offense involved more than ten victims. U.S.S.G. § 2G1.1 cmt. n. 6. The government submits that an upward departure is appropriate in this case.

**III.   A Total Sentence of 48 Months' Imprisonment is Appropriate Based on the § 3553(a) Factors.**

In assessing the appropriate sentence, the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court shall consider the need for the sentence imposed: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

>  **a. A Sentence of 48 Months in Prison is Reasonable and Appropriate Given the Nature and Circumstances of the Offenses and the Characteristics of the Defendant.**

The instant offenses are serious. Over seven years, the defendant trafficked at least 100 prostitutes for commercial sex acts throughout Virginia and into Maryland and Delaware. The prostitutes, mostly foreign nationals, traveled to Washington, D.C. from New York, New Jersey, Virginia and Maryland. The defendant then picked up the prostitutes at the Greyhound bus station in Washington, D.C., and transported them to an apartment in Maryland where they stayed during the week-long period that they worked for the enterprise.

---

notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

In 2010, the defendant took a leadership role in the enterprise after the prior leader fled to Mexico. The defendant trained another member of the enterprise, solicited customers, and sent money to the enterprise's former. In 2009, the defendant was arrested and convicted of the Virginia misdemeanor offense of Aiding Prostitution. Despite this conviction, the defendant continued his involvement in sex trafficking. In addition, the defendant illegally entered the United States in 1998 and 2011.

### b. A Sentence of 48 Months in Prison Will Protect the Public, Provide Appropriate and Reasonable Deterrence, Promote Respect for the Law, and Avoid Unwarranted Sentence Disparities.

A sentence of 48 months in prison will protect the public from this defendant. The defendant's crimes demonstrate that he is an ongoing danger to the public.

The requested sentence will not result in a sentencing disparity. One of the defendant's co-conspirators, Julio Cesar Revolorio Ramos (1:12-cr-474), later started his own prostitution business and trafficked a juvenile during this period. Revolorio Ramos was convicted of Sex Trafficking of a Child and faces a mandatory minimum sentence of 120 months' imprisonment.

Finally, the requested sentence is also appropriate and necessary to provide the requisite level of deterrence and promote respect for the law. 18 U.S.C. § 3553(a)(2)(B), (C). The recent increase in sex trafficking prosecutions in this District underscores the need for deterrence, both general and specific, of such conduct. Some criminals have turned to sex trafficking because it is seen as a lucrative enterprise with low start-up costs, a readily replenished supply of victims, and significant demand in a marketplace that operates both online and on the street. Sex traffickers must not be allowed to conclude that prostitution is a viable business enterprise, or that they will be punished lightly if caught.

## **CONCLUSION**

A sentence of 48 months' imprisonment is necessary and sufficient to account for the sentencing factors listed in 18 U.S.C. § 3553(a).

                                              Respectfully submitted,

                                              Neil H. MacBride
                                              United States Attorney

By:        /s/
                                              Marc J. Birnbaum
                                              Special Assistant United States Attorney (LT)
                                              Michael J. Frank
                                              Assistant United States Attorney
                                              Counsel for the United States
                                              United States Attorney's Office
                                              2100 Jamieson Avenue
                                              Alexandria, Virginia 22314
                                              (703) 299-3700 (phone)
                                              (703) 299-3982 (fax)
                                              marc.birnbaum@usdoj.gov
                                              michael.frank@usdoj.gov

Dated: December 28, 2012

## **CERTIFICATE OF SERVICE**

I certify that on December 28, 2012, I electronically filed the foregoing memorandum with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Jonathan A. Simms, Esq.
11325 Random Hills Road
Suite 348
Fairfax, Virginia 22030
(703) 934-4815
jsimms_esq@yahoo.com

By: _____/s/_____
Marc J. Birnbaum
Special Assistant United States Attorney (LT)
Counsel for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3700 (phone)
703-299-3982 (fax)
marc.birnbaum@usdoj.gov